1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THONG VIN HOANG, | Case No.  1:13-cv-1206 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution ("TCI") located in Taft, California, serving a sentence of 168 months following his conviction on October 29, 2004, of Conspiracy to Possess with Intent to Distribute and To Distribute MDMA and To Distribute 500 Grams or More of Methamphetamine and Distribution of 500 Grams or More of Methamphetamine.  (Resp't's Answer, Patrick Decl., Ex. A.)

On July 19, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court.  Petitioner challenges the execution of his sentence.  He complains that prison staff have violated his due process rights by calculating his Good Conduct Time ("GCT") credits at a rate of 42 days per year rather than the maximum allowable 54 days per year.  He further claims

1  prison staff at TCI are not employees of the Bureau of Prisons and therefore lack the authority to

2  determine his GCT credits.  On October 18, 2013, Respondent filed an answer to the petition.

3  On November 26, 2013, Petitioner filed a traverse.

4  **DISCUSSION**

5  **A.    Jurisdiction**

6  Writ of habeas corpus relief extends to a person in custody under the authority of the

7  United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the

8  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

9  pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that

10  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

11  See, e.g.,  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of

12  Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th

13  Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under

14  28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in

15  an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371,

16  372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward

17  federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community

18  treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining

19  whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677

20  (challenging content of inaccurate pre-sentence report used to deny parole).

21  In this case, Petitioner challenges the execution of his sentence.  Therefore, the Court has

22  jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

23  **B.    Venue**

24  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file

25  the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the

26  time of filing, Petitioner was in the custody of the Bureau of Prisons at the Taft Correctional

27  Institution in Taft, California, which is located within the jurisdiction of this Court.  28 U.S.C. §

28  2254(a); 2241(d).  Therefore, venue is proper in this Court.

C.      **Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.  See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement.  Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978).  Because exhaustion is not required by statute, it is not jurisdictional.  Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints.  The procedure is set forth at 28 C.F.R. §§ 542.10 et seq.  First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14.  Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a

complaint with the Regional Director of the Bureau of Prisons.  28 C.F.R. § 542.15.  The Regional Director's decision may be appealed to the General Counsel in Washington, D.C.  Id. Appeal to the General Counsel is the final step in the administrative remedy process.  Id.

Respondent contends that Petitioner has failed to exhaust his administrative remedies. Respondent argues, and the record confirms, that Petitioner formally filed an Administrative Remedy Request.  (Resp't's Answer, Patrick Decl., Ex. A.)  However, he did not pursue his administrative remedies at the next two levels, opting instead to proceed directly to federal court. Therefore, Respondent is correct that Petitioner has failed to exhaust his administrative remedies. Because Petitioner has essentially bypassed his available remedies, the Court finds that exhaustion should not be excused in this matter.   The petition should be dismissed. Notwithstanding, the claims are meritless.

**D.     Review of Petition**

On October 29, 2004, Petitioner was sentenced to a term of 168 months under the provisions of the Prison Litigation Reform Act ("PLRA").  The PLRA allows for the earning of 54 days of GCT credits per year, provided that the inmate is making satisfactory progress toward earning a GED credential, or 42 days per year if the inmate is not making satisfactory progress.

28 C.F.R. § 523.20 provides:

(a) For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the Bureau will award 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

(b) For inmates serving a sentence for offenses committed on or after September 13, 1994, but before April 26, 1996, all yearly awards of good conduct time will vest for inmates who have earned, or are making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential.

(c) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by

the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(d) Notwithstanding the requirements of paragraphs (b) and (c) of this section, an alien who is subject to a final order of removal, deportation, or exclusion is eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a General Educational Development (GED) credential, to be eligible for a yearly award of good conduct time.

(e) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see tables 3 through 6 in § 541.13 of this chapter).

BOP Program Statement 5884.03 directs prison authorities to give inmates GCT credits in accordance with 28 C.F.R. § 523.20.

On December 22, 2004, during Petitioner's initial interview at TCI, he received notification of the mandatory literacy provision and stated he understood the consequences of non-participation.  (Resp't's Answer, Patrick Decl., Ex. A.)  Petitioner refused to participate in the literacy program.  (Id.)  Pursuant to BOP Program Statement 5350.28[1], prison staff at TCI recorded Petitioner's GCT credit-earning status as "GED UNSAT" reflecting Petitioner could earn a maximum of 42 days of GCT pursuant to 28 C.F.R. § 523.20.  (Id.)  On August 17, 2005, Petitioner changed his mind and enrolled in the literacy program.  (Id.)  After completing the required minimum 240 hours, his GED status was changed from "GED UNSAT" to "GED SAT" and his GCT credit-earning status was changed to 54 days allowable per year.  (Id.)  On March 28, 2013, Petitioner withdrew from the program stating, "Go ahead and take my Good Conduct Time, I am not going."  (Id.)  Petitioner's decision to withdraw resulted in his status being changed to "GED UNSAT," once again allowing a maximum of only 42 days of GCT credits. (Id.)

Based on the above, it is clear Petitioner's GCT credit-earning status has been properly determined.  He was given the maximum GCT status after he enrolled in the literacy program and achieved the minimum 240 hours.  He was given the reduced GCT status when he voluntarily withdrew.  Thus, Petitioner's allegation that prison staff arbitrarily denied him the

---

[1] Program Statement 5350.28 directs staff to give a "GED UNSAT" progress assignment to an inmate who withdraws from the literacy program because the inmate is not making satisfactory progress with respect to the PLRA. (Resp't's Answer, Patrick Decl., Ex. A.)

1   maximum allowable GCT credit-earning status is meritless.

2       On January 18, 2005, the U.S. Immigration and Customs Enforcement lodged a detainer

3   against Petitioner for possible deportation.  (Id.)  According to the records, he has not yet

4   received a final order of deportation.  (Id.)  Therefore, Petitioner was advised he was still subject

5   to the literacy provision of the PLRA pursuant to 28 C.F.R. § 523.20(d).  Petitioner contends that

6   he should be given the maximum allowable credit-earning status of 54 days since he qualifies

7   under the "sentenced deportable alien" exception.   However, as stated above, 28 C.F.R. §

8   523.20(d) provides an exception only to aliens "who [are] subject to a final order of removal,

9   deportation, or exclusion."  Since Petitioner has not yet received a final order of removal, §

10  523.20(d) does not apply and he is still subject to the mandated literacy program requirement.

11      Petitioner also complains that TCI prison staff lacked the authority to make findings that

12  resulted in "punishment that included disallowance of 12 days per year of GCT because they are

13  not 'Bureau staff' pursuant to 28 C.F.R. § 500.1." (Petition at 3c.)  Respondent correctly argues

14  that the claim is without merit since Petitioner was not "punished" or sanctioned.  Section 541.1,

15  describing the BOP's inmate discipline program, permits BOP staff "to impose sanctions on

16  inmates *who commit prohibited acts*."  28 C.F.R. § 541.1 (emphasis added).  Petitioner did not

17  commit a prohibited act; he voluntarily chose not to participate in a literacy program which was

18  required by regulation in order to obtain the maximum 54 GCT credits.  Prison staff's sole action

19  was not to punish Petitioner, but to enforce a BOP directive and award the appropriate amount of

20  GCT in accordance with regulation.  Therefore, Petitioner's argument that TCI staff lacked the

21  authority to determine the amount of GCT credit is without merit.

22      Petitioner did not suffer a violation of his due process rights.  Accordingly, the petition

23  should be denied with prejudice.

24                                 **RECOMMENDATION**

25      Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

26  corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter

27  judgment.

28      This Findings and Recommendation is submitted to District Judge Lawrence J. O'Neill

pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 17, 2014**                          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE